Boodhoo v. Sessions

BIA
Montante, IJ
A041 599 282

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand seventeen.

PRESENT:
>  JOHN M. WALKER, JR.,
>  PIERRE N. LEVAL,
>  JOSÉ A. CABRANES,
>  *Circuit Judges.*

_____

ODITNARIAN BOODHOO,
>  *Petitioner,*

>  v.                                          15-2952
>                                              NAC

JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
>  *Respondent.*

_____

**FOR PETITIONER:**          Richard W. Chen, New York, N.Y.

**FOR RESPONDENT:**          Benjamin C. Mizer, Principal Deputy, Assistant Attorney General, Anthony W. Norwood, Senior Litigation Counsel, Manuel A. Palau, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Oditnarian Boodhoo, a native and citizen of Guyana, seeks review of an August 20, 2015, decision of the BIA affirming an August 21, 2014, decision of an Immigration Judge ("IJ") denying Boodhoo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Boodhoo,* No. A041 599 282 (B.I.A. Aug. 20, 2015), *aff'g* No. A041 599 282 (Immig. Ct. Buffalo Aug. 21, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Moreover, because the adverse credibility determination is dispositive, we discuss only that basis of the agency's decision. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976)("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). We conclude that the adverse

2

credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). "Considering the totality of the circumstances," the agency may "base a credibility determination on" the consistency in the applicant's statements "without regard to whether an inconsistency . . . goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "A petitioner 'must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.'" *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (quoting *Zhou Yun Zhang v. INS*, 386 F.3d 66, 76 (2d Cir. 2004)). Furthermore, a petitioner's "failure to corroborate his . . . testimony may bear on credibility." *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Substantial evidence supports the agency's determination that Boodhoo was not credible. First, to prove that he had filed a police report, Boodhoo submitted an affidavit in which his cousin professed to have tried, but failed, to obtain the report from the Guyanese police. When questioned, however, Boodhoo did not recognize the name of the individual who made the affidavit, thereby calling into question the validity of

3

his evidence and whether he had reported drug activity to the police.  The agency reasonably relied on this discrepancy and was not required to accept Boodhoo's explanation that he might only know his cousin by his nickname or that his lack of literacy caused the misunderstanding.  *See Majidi*, 430 F.3d at 80.  It was not unreasonable for the IJ to require Boodhoo to be familiar with his own evidence, particularly from family members.

The agency also reasonably relied on Boodhoo's omission of his stop in Trinidad between Guyana and Canada from his application, particularly given that he admitted to purchasing a passport in Trinidad to facilitate his entry into Canada. The agency may rely on *any* inconsistency, "without regard to whether" it goes "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

Third, the agency reasonably relied on Boodhoo's failure to corroborate the threats central to his claim of persecution. Boodhoo alleged that he left Guyana and returned to the United States on the basis of two events: a friend, Reve, telling him that the Phantom Gang had put a hit out on him, and his neighbors telling him that armed men had come to his house looking for him while he was out.  Boodhoo did not provide affidavits, letters, or other support from either Reve or his neighbors. *See Biao Yang*, 496 F.3d at 273.  Given the inconsistencies and

4

lack of corroboration, substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 165-66.

Boodhoo also challenges the IJ's decision declining to transfer venue from Buffalo to New York City. Remand is warranted only if the agency abused its discretion and the denial of transfer prejudiced Boodhoo. *See Monter v. Gonzales*, 430 F.3d 546, 558-59 (2d Cir. 2005). Boodhoo failed to show prejudice. Transferring the case to New York City would not have helped Boodhoo present the evidence that was fatally missing from his application, namely, evidence from Reve and Boodhoo's neighbors in Guyana, the only people who had firsthand information of threats against Boodhoo.

Finally, we find no abuse of discretion in the BIA's refusal to remand for consideration of new evidence. *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005) (reviewing remand rulings for abuse of discretion). On appeal to the BIA, Boodhoo submitted transcripts from his criminal proceeding for grand larceny. The BIA did not abuse it discretion in finding that the transcripts would have no impact on Boodhoo's case: his criminal conviction was unrelated to the bases for the credibility ruling and did not affect either his claim of past persecution or his fear of future persecution.

5

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk